658157_2.DOC

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re ) | |
| Petition of KUTZTOWN UNIVERSITY ) | |
| OF PENNSYLVANIA OF THE STATE ) | Misc. Docket No. _____ |
| SYSTEM OF HIGHER EDUCATION ) | |
| for the Perpetuation of Testimony ) | |
| and Evidence Before Action ) | |

**PETITION FOR THE PERPETUATION
OF TESTIMONY AND EVIDENCE BEFORE ACTION**

AND NOW COMES Petitioner, Kutztown University of Pennsylvania of the State System of Higher Education (the "University"), by its attorneys, Cohen & Grigsby, P.C. and Montgomery, McCracken, Walker and Rhoads, and files the within Petition for the Perpetuation of Testimony and Evidence Before Action, and in support thereof, avers as follows:

1. The University is a post-secondary institution of higher education located in Kutztown, Berks County, Pennsylvania, and is operated by the Commonwealth of Pennsylvania by and through the State System of Higher Education  See Ex. A; Goldberg Aff. ¶2.

2. The University is a named respondent in six separate albeit related Charges of Discrimination filed with the Equal Employment Opportunity Commission (the "EEOC" or the "Commission") by the following faculty members: (i) Deborah Barlieb, (ii) Lynn Milet, (ii) Marjorie Borden, (iv) Beth Herbine, (v) Margaret Herrick, and (vi) Cheryl Wilf (collectively referred to herein as "Charging Parties") at EEOC Charge Nos. 170A200783, 170A200787,

658157_2.DOC

170A200784, 170A200785, 170A200786, and 170A200788 respectively (the "Charges"). Each of these Charges were also dual filed with the Pennsylvania Human Relations Commission (the "PHRC"). See Ex A; Goldberg Aff. ¶6 and Ex. 2a-2f.

3. In their respective Charges, each Charging Party contends that they were denied a promotion from either Assistant Professor to Associate Professor or from Associate Professor to Professor; that the successful candidates for these promotions were younger male faculty members; and that the University unlawfully discriminated against each Charging Party in the denial of their desired promotion due to their sex and/or age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 et. seq. and/or Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-1 et. seq., and/or the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951 et. seq.

4. The EEOC's Philadelphia District Office is currently attempting to investigate the Charges, despite the University's asserted belief that its Eleventh Amendment sovereign immunity divests the EEOC of jurisdiction to investigate the Charges filed against it.

5. The University is unaware of when the EEOC's pending investigation will be completed. See Ex. A; Goldberg Aff. ¶6 and Exhibits 2a-2f.

6. Upon the conclusion of the EEOC's pending investigation and upon the occurrence of certain conditions precedent, there is a strong indication that the EEOC may improvidently attempt to institute an action in

this Court against the University pursuant to the ADEA and/or Title VII despite the University's Eleventh Amendment sovereign immunity. Alternatively, the Charging Parties may individually or collectively institute an action or actions in this Court against the University pursuant to the ADEA and/or Title VII, and the EEOC's lack of jurisdiction to investigate the Charging Parties' allegations would not preclude Charging Parties from filing such an action.

7. The University expects to be a party to the anticipated ADEA and/or Title VII action to be filed by Charging Parties and/or the EEOC in this Court, but presently cannot cause such an action to be brought. The University expects Charging Parties and/or the EEOC to be adverse parties to it in such an action. Their names and addresses are as follows:

- a) Deborah Barlieb, 4207 Cider Press Road, Slatington, PA 18080;
- b) Lynn Milet, 3705 Helen Street, Bethlehem, PA 18017;
- c) Marjorie Borden, 407 Friendship Drive, Fleetwood, PA 19522;
- d) Beth Herbine, 5 Pine Lane Court, Douglassville, PA 19518;
- e) Margaret Herrick, 619 N. Garfield Road, Bernville, PA 19506;
- f) Cheryl Wilf, 15 Vista Court, Fleetwood, PA 19522; and,
- g) The Equal Employment Opportunity Commission, Philadelphia District Office, 21 S. Fifth Street, Suite 400, Philadelphia, PA 19106-2125.

8. The expected ADEA/Title VII action pertains to Charging Parties' contentions that the University failed or refused to promote them but instead promoted younger male faculty members, and that the University's promotion

decisions in this regard violate the ADEA and/or Title VII.  See Ex. A; Goldberg Aff. ¶6 and Exhibits 2a-2f.

9. The University made all promotion decisions without regard to the candidates' age and/or sex.  Rather, the University made all promotion decisions in accordance with its Promotion Guidelines and with the collective bargaining agreement (the "CBA") between it and the Association of Pennsylvania State College and University Faculties (the "Union"), a labor union representing Charging Parties and their fellow faculty members.  See Ex A; Goldberg Aff. ¶¶3-4.

10. Under the CBA and the University's Promotion Guidelines, any faculty member who meets the minimum qualifications may submit an application for promotion, together with written substantiation, to the pertinent Department Promotions Committee for its consideration.  The Department Promotions Committees make recommendations for each candidate and provide their recommendations to the University's Promotions Committee for its consideration.  The University's Promotions Committee then forwards its recommendations to Linda K. Goldberg, the University's Provost and Vice President for Academic Affairs, for her consideration and ultimate recommendation to the University's President for a final decision.  See Ex A; Goldberg Aff. ¶¶3-4.

11. The six (6) Charging Parties and approximately thirty-three (33) other faculty members submitted applications for promotion during the 2000-2001 academic year.  Each candidate also submitted a portfolio that

658157_2.DOC

showcased their academic experiences, teaching talents, work product, achievements, and community involvement.  See Ex A; Goldberg Aff. ¶5 and Exhibit 1.

12. The identities and addresses of each individual who submitted a promotion application and supporting portfolio to the University is attached hereto and incorporated herein.  See Ex A; Goldberg Aff. ¶5 and Exhibit 1.

13. As part of the University's decision-making process relating to faculty promotions, the pertinent Department Promotions Committee, the University Promotions Committee, and the Provost conducted in-depth and exhaustive comparisons of each candidate's application and supporting portfolio.  The portfolio compiled by each candidate was intended to showcase their scholarly activity, academic experiences, teaching talents, work product, achievements, and community involvement.  These portfolios, though they varied in size, all consisted of a great many pages and many different types of documents.  The Provost's review of the portfolios took many hours over numerous weeks.  See Ex A; Goldberg Aff. ¶¶7-8.

14. Although the Department Promotions Committees, the University's Promotions Committee, and the Provost thoroughly and exhaustively reviewed each candidate's portfolio, each portfolio is the personal property of the faculty member who submitted it.  None of the portfolios were either duplicated or otherwise retained by the University.  Rather, the University returned each faculty member's portfolio to him or her after the promotion decisions were made and the University has good reason to believe that each of the faculty

members currently maintains possession, custody and control of their respective portfolios. Not even the Provost is able to recall the contents of each portfolio with specificity. See Ex A; Goldberg Aff. ¶8, 10.

15. The University's promotion decisions were made, in great part, upon an exhaustive comparative review of each candidate's portfolio. See Ex. A; Goldberg Aff. ¶9.

16. An authenticated copy of each portfolio is the best evidence of the contents of each portfolio, and, therefore, the perpetuation of this evidence is necessary for the University's defense in the expected action.

17. The University desires to preserve authenticated copies of each portfolio submitted to the University by each candidate, and to preserve each candidate's testimony pertaining to the authenticity of their respective portfolios as they existed at the time they submitted them to the University, so that the University may disprove Charging Parties' allegations that the University discriminated against the Charging Parties due to their sex and/or age in violation of the ADEA and/or Title VII, and/or the PHRA by proffering to the trier of fact the best evidence of the actual portfolio materials reviewed by the University to form the bases of the University's promotion decisions. Such evidence is critical to the University's anticipated defense because such evidence will prove that the successful promotion candidates' qualifications were superior to the qualifications of the Charging Parties.

18. Faculty members regularly amend, modify, alter, or otherwise discard their portfolios. See Ex A; Goldberg Aff. ¶11. Therefore, failure to

preserve authenticated copies of these portfolios as they existed when submitted to the University will likely lead to the permanent loss of the best evidence of their contents.

19. The University desires to perpetuate authenticated copies of each candidate's portfolio because such evidence is not in the University's custody and control; the individuals who possess this evidence are not under any duty to preserve it, and, in fact, regularly and customarily amend, modify, alter, or otherwise discard such evidence; the EEOC's pending investigation is expected to be lengthy; and such evidence is the best evidence of the bases upon which the University made its 2000-2001 promotion decisions. Therefore, preserving copies of these portfolios as they existed when the candidates submitted them to the University and perpetuating testimony of their authenticity will prevent a failure or delay of justice.

20. In an effort to prevent any potential spoliation of these portfolios, the University, through counsel, corresponded with each candidate to request that they preserve their portfolios in their present form until otherwise preserved through the legal process. A true and correct copy of each letter is attached hereto collectively as Ex. B.

21. This Court, in its discretion, may grant the University's Petition and allow the University to depose each promotion candidate. Fed.R.Civ.P. 27(a); In Re Delta Quarries and Disposal, Inc., 139 F.R.D. 68, 69 (M.D. Pa. 1991); Penn Mut. Life Ins. Co. v. United States, 68 F.3d 1371, 1374-1376 (D.C. Cir. 1995).

658157_2.DOC

22. In further support of this Petition, the University attaches hereto as Exhibit A and files contemporaneously herewith the affidavit of University Provost and Vice President of Academic Affairs, Linda K. Goldberg.  See Exhibit A.

WHEREFORE, the Petitioner, Kutztown University of Pennsylvania of the State System of Higher Education, respectfully requests this honorable Court to grant its Petition and to allow Petitioner to depose all 2000-2001 promotion candidates for the purpose of preserving and perpetuating authenticated copies of their respective portfolios as of the time each portfolio was submitted to the University.

Respectfully submitted,

MONTGOMERY MCCRACKEN WALKER & RHOADES

COHEN & GRIGSBY, P.C.

By:_____
   Richard Martin, Esq.
   PA ID. #11500
   123 South Broad Street
   Philadelphia, PA  19109

   (215) 772-7270

   Counsel for Defendant

Dated:_____

By:_____
   James B. Brown, Esq.
   PA ID. #00436
   W. Scott Hardy, Esq.
   PA ID. #79225

   11 Stanwix Street
   15th Floor
   Pittsburgh, PA  15222
   Firm ID. #621

   (412) 297-4900

   Counsel for Defendant

Dated:_____

658157_2.DOC

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that a true and correct copy of the foregoing PETITION FOR THE PERPETUATION OF TESTIMONY AND EVIDENCE BEFORE ACTION was served upon the following via United States First Class Mail, Postage Pre-paid, on the 19th day of June, 2002:

Deborah Barlieb
4207 Cider Press Road
Slatington, PA 18080

Lynn Milet
3705 Helen Street
Bethlehem, PA 18017

Marjorie Borden
407 Friendship Drive
Fleetwood, PA 19522

Beth Herbine
5 Pine Lane Court
Douglassville, PA 19518

Margaret Herrick
619 N. Garfield Road
Bernville, PA 19506

Cheryl Wilf
15 Vista Court
Fleetwood, PA 19522

Alfred L. Harris, Manager
Philadelphia District Office
Equal Employment Opportunity Commission
The Bourse Building, Suite 400
21 South Fifth Street
Philadelphia, PA  19106-2515

_____

658157_2.DOC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In re** ) | |
| **Petition of KUTZTOWN UNIVERSITY** ) | |
| **OF PENNSYLVANIA OF THE STATE** ) | Misc. Docket No. _____ |
| **SYSTEM OF HIGHER EDUCATION** ) | |
| **for the Perpetuation of Testimony** ) | |
| **and Evidence Before Action** ) | |

## ORDER OF COURT

And now, this ___ day of _____, 2002, after hearing on Petitioner's Petition for the Perpetuation of Testimony and Evidence Before Action, it is hereby Ordered, Adjudged and Decreed that Petitioner be and hereby is permitted to subpoena and depose all of the individuals whose names appear in Exhibit B of the Petition for Perpetuation of Testimony and Evidence Before Action.

By the Court,

_____J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **In re** ) | |
| **Petition of KUTZTOWN UNIVERSITY** ) | |
| **OF PENNSYLVANIA OF THE STATE** ) | Misc. Docket No. _____ |
| **SYSTEM OF HIGHER EDUCATION** ) | |
| **for the Perpetuation of Testimony** ) | |
| **and Evidence Before Action** ) | |

## ORDER OF COURT

And now, this ____ day of _____, 2002, it is hereby Ordered that a hearing be held on the Petition for Perpetuation of Testimony and Evidence Before Action filed by Kutztown University of the Pennsylvania State System of Higher Education.

The hearing will be held on the ____ day of _____, 2002 at _____ o'clock __m., in Courtroom No. _____ of the United States Courthouse, 601 Market Street, Philadelphia, PA 19106.

BY THE COURT,

_____J.