IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re ) | |
| Petition of KUTZTOWN UNIVERSITY ) | |
| OF PENNSYLVANIA OF THE STATE ) | Misc. Docket No. _____ |
| SYSTEM OF HIGHER EDUCATION ) | |
| For the Perpetuation of Testimony ) | |
| and Evidence Before Action ) | |

**MEMORANDUM OF LAW IN SUPPORT OF THE PETITION OF
KUTZTOWN UNIVERSITY OF PENNSYLVANIA OF THE STATE
SYSTEM OF HIGHER EDUCTION FOR THE PERPETUATION
OF TESTIMONY AND EVIDENCE BEFORE ACTION**

I.   <u>INTRODUCTION</u>

This petition for the perpetuation of testimony and evidence by deposition before action or pending appeal pursuant to Federal Rule of Civil Procedure 27, arises in the context of a potential employment discrimination action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, et seq. and/or Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000(e), et seq.

The potential defendant Kutztown University of Pennsylvania of the State System of Higher Education ("University") is a named respondent in six separate albeit related Charges of Discrimination filed with the Equal Employment Opportunity Commission (the "EEOC" or the "Commission"). The potential plaintiffs Deborah Barlieb, Lynn Milet, Marjorie Borden, Beth Herbine, Margaret Herrick and Cheryl Wilf (collectively referred to herein as "Charging Parties") have filed EEO charges with both the EEOC and the Pennsylvania Human Relations Commission ("PHRC"). In their respective Charges, each Charging Party contends that they were denied a promotion from either Assistant Professor to Associate Professor or from Associate Professor to Professor and that the successful candidates for these promotions were younger male faculty members; and that the University unlawfully discriminated against each

Charging Party in the denial of their desired promotion due to their sex and/or age in violation of the ADEA and/or Title VII.

As part of the University's decision-making process relating to faculty promotions, the pertinent Department Promotions Committee, the University Promotions Committee and the Provost conducted in-depth and exhaustive comparisons of each candidate's application and supporting portfolio. The portfolio complied by each candidate was intended to showcase their scholarly activity, academic experiences, teaching talents, work product, achievements and community involvement. The portfolio is the personal property of the faculty member who submitted it and none of the portfolios submitted by the Charging Parties were either duplicated or otherwise retained by the University. The University's promotion decisions were made, in great part, upon an exhaustive comparative review of each candidate's portfolio and the portfolio itself is the best evidence of the contents of each portfolio. The University desires to preserve the authenticated copies of each portfolio submitted to the University by each candidate, and to preserve each candidate's testimony pertaining to the authenticity of their respective portfolios as the portfolios existed at the time they were submitted to the University.

II.     ARGUMENT

    A.     Elements Required to Successfully Set Forth a Case for a Fed. R. Civ. P. 27(a) Deposition Prior to Litigation

To successfully make out a case for a Federal Rule of Civil Procedure 27(a) deposition prior to litigation, a petitioner must show:

1)     that the petitioner expects to be a party to an action cognizable in a court of the United States but is presently unable to bring it or cause it to be brought;

2)     the subject matter of the expected action and the petitioner's interest therein;

      3)      the facts which the petitioner desires to establish by the proposed testimony and the reasons for desiring to perpetuate it;

      4)      the names or a description of the persons the petitioner expects will be adverse parties and their addresses so far as known; and

      5)      the names and addresses of the persons to be examined and the substance of the testimony which the petitioner expects to elicit from each.

Penn Mut. Life Ins. Co. v. The United States, 68 F.3d 1371, 1375 (D.C. Cir. 1995).  Moreover, if the court is "satisfied that the perpetuation of the testimony may prevent a failure or delay in justice," it shall permit the depositions to be taken.  Penn Mut. Life Ins. Co., 68 F.3d at 1375 (citing to Fed. R. Civ. P. 27(a)(3)).

The University satisfies the first element for a Rule 27 deposition.  The University as the petitioner in this instant action expects to be a party to an action cognizable in a court of the United States but is presently unable to bring it or cause it to be brought.  The University anticipates that upon the conclusion of the EEOC's pending investigation and upon the occurrence of certain conditions precedents, there is a strong and reasonable likelihood that the EEOC may attempt to institute an action in this Court against the University pursuant to the ADEA and/or Title VII.  Alternatively, the Charging Parties may individually or collectively institute an action or actions in this Court against the University pursuant to the ADEA and/or Title VII.  See Petition for Perpetuation of Testimony and Evidence Before Action, ¶¶ 6-8.  The University expects to be in the defendant's posture and, therefore, cannot now cause such an action to be brought.  See Petition for Perpetuation of Testimony and Evidence Before Action, ¶ 7.

Moreover, both the ADEA and Title VII's regulatory schemes require that individuals exhaust their administrative remedies prior to filing an action in court. ADEA, 29 U.S.C. §§ 621, et seq.; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000(e), et seq. Consequently, because the EEOC's investigation of the allegations of discrimination by the University against the Charging Parties is still pending and ongoing, the Charging Parties, likewise are precluded from now instituting an action in court.

The University satisfies the second element necessary for a Rule 27 deposition. The University in its Petition for the Perpetuation of Testimony and Evidence Before Action adequately sets forth the subject matter of the expected action and its interest therein. See Petition for Perpetuation of Testimony and Evidence Before Action, ¶ 2, 7-8. The Charging Parties have filed ADEA and Title VII claims of discrimination with the EEOC and PHRC for the University's alleged failure to promote the Charging Parties to various professorship positions. Because the University made all of the decisions with respect to the Charging Parties' positions their interests are direct and will undoubtedly form the basis of any employment discrimination action in court.

The University satisfies the third prong of the elements necessary for this Court to grant the petitioner Rule 27 depositions. The University clearly articulates the narrow and direct evidence and testimony it seeks to preserve. The Charging Parties' portfolios and testimony regarding these submissions are essentially the information sought by the taking of the depositions. The University, moreover, seeks to prevent the spoliation of these portfolios because these documents are not in the University's custody or control; the individuals who possess this evidence are not under any duty to preserve it, and, in fact, regularly and customarily amend, modify, alter or otherwise discard such evidence. See Petition for Perpetuation of

-5-

Testimony and Evidence Before Action, ¶ 19.  If this Court allows petitioner to take depositions pursuant to Rule 27 it will prevent both a failure and delay of justice.  See Penn Mut. Life Ins. Co., 68 F.3d at 1374.

The University satisfies the fourth and fifth elements necessary for this Court to grant its petition to take depositions pursuant to Rule 27.  The University has provided the names of the persons it expects will be adverse parties and their addresses.  The University is not over reaching in its efforts to preserve the Charging Parties' portfolios as it has limited its inquiry only to those persons reasonably likely to institute an action in this Court.  The University is not searching for information or evidence to craft a claim but rather it is seeking to preserve the very documents, which will likely form the basis for any claims brought against them in court

III.  CONCLUSION

For the foregoing reasons, petitioner Kutztown University of Pennsylvania of the State System of Higher Education respectfully requests that this Court grant its Petition for the Perpetuation of Testimony and Evidence Before Action pursuant to Fed. R. Civ. P. 27, by allowing the University to take the depositions of Deborah Barlieb, Lynn Milet, Majorie Borden, Beth Herbine, Margaret Herrick and Cheryl Wilf and thereby preserve relevant evidence and testimony.

Respectfully submitted,

| MONTGOMERY, MCCRACKEN, WALKER & RHOADS | COHEN &GRIGSBY, P.C. |
|---|---|
| By: _____<br>Richard Martin, Esq.<br>PA ID #11500<br>123 South Broad Street<br>Philadelphia, PA 19109<br><br>(215) 772-7270<br><br>Counsel for Defendant<br><br>Dated: June 19, 2002 | By: _____<br>James B. Brown, Esq.<br>PA ID #00436<br>W. Scott Hardy, Esq.<br>PA ID #79225<br><br>11 Stanwix Street<br>15th Floor<br>Pittsburgh, PA 15222<br>Firm ID. #621<br><br>(412) 297-4900<br><br>Counsel for Defendant<br><br>Dated: June 19, 2002 |